334 P.2d 1067]

**Appellate Department, Superior Court, Fresno**

[Civ. A. No. 58.    Jan. 30, 1959.]

TONY DADDINO et al., Respondents, v. BUILDERS CON-
CRETE, INC. (a Corporation), Appellant.

Rowell, Lamberson & Thomas and Breckenridge Thomas for Appellant.

Savage & Shepard and Richard L. Shepard for Respondents.

POPOVICH, J.—The defendant and appellant appeals from a judgment of the municipal court, awarding plaintiffs and respondents $2,750 as liquidated damages for breach of contract.

Appellant operated a transit mix concrete plant in the city of Clovis on property adjacent to the poultry ranch and residence of respondents. On the basis that the operation of this plant constituted a nuisance, respondents had secured a judgment in the Superior Court of Fresno County, permanently enjoining appellant from continuing the operation of its plant, effective July 18, 1956, together with damages in the sum of $6,600. Subsequent to the entry of the judgment, the parties entered into the contract upon which this suit is brought extending the effective date of the injunction to

October 17, 1956, to enable appellant to continue its concrete business while it was establishing a new plant at a new location. The contract provided that, in consideration for the extension, appellant waived its appeal, agreed to keep the nuisance of its operation to a minimum, and in the event it operated past the extension date, it would pay to respondents the sum of $50 per day as liquidated damages for each of certain defined acts of operation, including loading or unloading of a transit mix truck or bulk cement truck with either sand or gravel. It also recited that said sum was "in lieu of monetary damages and as liquidated damages for the violation hereof," and the parties "agree to this specified amount of damages per day since the effect of the injury and damage by continued operation of the plant on first parties is difficult and impracticable to ascertain."

Respondents alleged that appellant breached this contract by continuing its operation after October 17, 1956, until December 2, 1956. Appellant admitted this breach. Respondents further alleged and the evidence shows that dust, noise, etc. from the operation of the plant affected the peaceful and quiet enjoyment of their residence, impaired their sleep, soiled their laundry, caused their chickens to become frightened and run and break their wings, causing loss of chickens and egg production, and the cement dust injured their fruit trees causing some of them to die.

The evidence further showed that all negotiations leading to the execution of said contract were through the attorneys who had handled the injunction suit. Mr. Underdown, president of the appellant company, admitted on cross-examination that the litigation had been long and involved and he had, therefore, left to his attorney the matter of the negotiations. He conceded that he sought the time for extension and was willing to waive his right of appeal therefor and had concluded the amount of $50 per day as liquidated damages after such negotiation.

Appellant contends that the judgment of the lower court should be reversed because respondents failed to plead and prove that the contract sued upon is within the exception set forth in Civil Code, section 1671; that the sum of $2,750, awarded, was by way of penalty rather than of liquidated damages; that as a matter of law the court could not have properly found that it was impracticable or extremely difficult to fix actual damages.

In this state, a contract which attempts to fix the amount of damages in anticipation of a breach of an obligation is void to that extent (Civ. Code, § 1670), except when from the nature of the case it would be impracticable or extremely difficult to fix the actual damage. Whether or not the damage would be impracticable or extremely difficult of precise appraisal is largely a question of fact. *Dyer Bros. etc. Iron Works* v. *Central Iron Works,* 182 Cal. 588, at page 593 [189 P. 445].

In order to recover on a contract providing for liquidated damages, a plaintiff must plead and prove that at the time the contract was entered into, damages in the event of a breach would be impracticable or extremely difficult of ascertainment and that the sum agreed upon represented a reasonable endeavor to ascertain what such damages would be, and that a breach of the contract had occurred. The amount agreed must result from a reasonable endeavor by the parties to estimate a fair compensation for any loss that may be sustained because of a breach. *McCarthy* v. *Tally,* 46 Cal.2d 577 at page 587 [297 P.2d 981].

The parties did stipulate that they agreed upon an amount as liquidated damages and not as a penalty. While not conclusive, such a stipulation is entitled to some weight. *Atkinson* v. *Pacific Fire Extinguisher Co.,* 40 Cal.2d 192 [253 P.2d 18].

From the evidence adduced before the trial judge, it would appear that in view of the circumstances which existed at the time the contract was executed, considering the nature of the damages suffered by the respondents, its cause, the effect upon the poultry, the difficulty of evaluating the loss of production, the extent of tree and fruit damages, the variations from day to day of the operations of the appellant's plant, the number of trucks used and the other factors which were obviously experienced in the trial by both the parties and their counsel, that the parties deliberated carefully through their attorneys in the negotiations of the contract in question, it would appear that there was sufficient difficulty encountered by the parties in estimating the damages, and it was, therefore, reasonable for them to agree upon the amount stated in their contract.

The record amply supports the court's findings, both as a matter of fact and law, that the provision in the contract for $50 per day to respondents, under the circumstances, was a fair compensation for respondents' loss, and said provision

should be construed as a valid enforceable provision for liquidated damages.

It is, therefore, ordered the judgment of the lower court be, and it hereby is affirmed.

Conley, P. J., and DeWolf, J., concurred.